UNITED STATES of America, Appellee,

v.

George Lee WASHINGTON a/k/a Ollie Lee Edwards, Appellant.

No. 77–3884.

United States Court of Appeals, Ninth Circuit.

July 12, 1978.

James L. Tanner (argued), Phoenix, Ariz., for appellant.

Dale Danneman, Asst. U. S. Atty. (argued), Phoenix, Ariz., for appellee.

Before CHOY and ANDERSON, Circuit Judges, and PALMIERI *, District Judge.

PALMIERI, District Judge:

This appeal presents a single question: does the imposition of a five-year prison term for appellant's failure to appear for sentencing constitute "cruel and unusual punishment" prohibited by the Eighth Amendment to the United States Constitution? We conclude that it does not, and accordingly affirm the judgment of the district court.

The facts are not disputed and may be briefly stated. In July of 1975 appellant Washington was charged in a one-count indictment with mail theft, aiding and abetting—a felony—in violation of 18 U.S.C.

§§ 1708 and 2. This charge carries a maximum penalty of five years' imprisonment or a fine of $2000 or both. Appellant pleaded not guilty and was released on his own recognizance. His execution of Bail Reform Act Form No. 2 at this time committed him to make all court appearances as directed, to maintain weekly contact with his attorney, and to advise his attorney in writing of any change of address.

On November 25, 1975, as a result of negotiations between the Government and appellant, and pursuant to a written plea agreement, appellant was permitted to plead guilty to a one-count misdemeanor information charging him with obstruction of the mail, aiding and abetting, in violation of 18 U.S.C. §§ 1701 and 2. The maximum penalty for this violation is six months or $100 or both. Under the plea agreement appellant agreed to cooperate with the Government and to testify at the trial of his co-defendants, after which a date was to be set for his sentencing.

When the trial of appellant's co-defendants became unnecessary, the date of February 9, 1976 was set for appellant's sentencing. Appellant failed to appear at this time. Previous efforts undertaken by appellant's attorney to locate him or communicate with him, by letter and through an investigator from the Public Defender's Office, were unsuccessful. Letters sent to appellant's last-known address were returned marked "Addressee Unknown, Return to Sender". Appellant failed to report for scheduled meetings with his probation officer in early December, 1975. One FBI Special Agent was unsuccessful in his efforts to locate appellant in the Phoenix, Arizona area; another found and interviewed appellant in the Los Angeles area (where he was serving a sentence on an unrelated California state charge) in September of 1977. While appellant was never personally informed of the precise date of his sentencing, it is clear that this was attributable solely to his deliberate failure

---

* Honorable Edmund L. Palmieri, Senior United States District Judge for the Southern District of New York, sitting by designation.

to maintain communication with his attorney and probation officer.

Appellant was subsequently charged with a violation of 18 U.S.C. § 3150 (failure to appear).[1] Trial on this indictment commenced in the United States District Court for the District of Arizona on November 29, 1977. At trial the Government produced the testimony of appellant's previous Public Defender attorney, his probation officer, and two Special Agents of the FBI, all of whom testified to their efforts to reach appellant. The agent who ultimately found and interviewed appellant testified, referring to his notes of the interview, that appellant had told him:

> Yes, I knew you were looking for me. I didn't show because I was out of town. I won't say where I was but I was going to go back someday when I got around to it.

The Court took judicial notice of the fact that appellant had failed to appear for sentencing on February 9, 1976. Appellant, testifying in his own behalf, did not deny leaving the jurisdiction, but stated that he had done so out of concern for his and his wife's safety, fearing that local drug traffickers had discovered that he was a government informant. After thirty minutes of deliberation, the jury found appellant guilty as charged.

On December 5, 1977 appellant was sentenced on the misdemeanor (obstruction of mail) to a six-month term of imprisonment; on the failure to appear conviction he was sentenced to a term of five years—the maximum permitted under 18 U.S.C. § 3150(1) —to run concurrently with his misdemeanor sentence. Both sentences were ordered to be served consecutively to the sentence which appellant was then serving in a California state prison.

 It is established in this circuit that a sentence which is within the limits set by a valid statute may not be overturned on appeal as cruel and unusual. *United States v. Rivera-Marquez*, 519 F.2d 1227, 1229 (9th Cir.), *cert. denied*, 423 U.S. 949, 96 S.Ct. 369, 46 L.Ed.2d 285 (1975); *Anthony v. United States*, 331 F.2d 687, 693–4 (9th Cir.), *cert. denied*, 368 U.S. 852, 82 S.Ct. 85, 7 L.Ed.2d 49 (1961); *Pependrea v. United States*, 275 F.2d 325, 329–30 (9th Cir. 1960). Furthermore, a sentence must "at least appear to be cruel and unusual before its authorizing statute can be attacked on Eighth Amendment grounds." *Rivera-Marquez, supra,* 519 F.2d at 1229. There is no doubt here that appellant's sentence was within the limits set by 18 U.S.C. § 3150, and appellant has in his briefs specifically disclaimed any attack on the constitutionality of that statute.[2] This should be and is sufficient to conclude the inquiry. However, out of an excess of caution, we address ourselves briefly to the issue of whether appellant's sentence has any of the hallmarks of a cruel and unusual punishment so as to satisfy the threshold requirement announced in *Rivera-Marquez*. We conclude that it does not.

 The Supreme Court's recent decision in *Coker v. Georgia*, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), reaffirms the proposition—earlier established in *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976)—that a sentence is "excessive" and unconstitutional under the Eighth Amendment when it is "grossly out of proportion to the severity of the crime." 433 U.S. at 592, 97 S.Ct. at 2865.[3] This

---

1. § 3150. Penalties for failure to appear.

 Whoever, having been released pursuant to this chapter, willfully fails to appear before any court or judicial officer as required . . . shall, (1) if he was released in connection with a charge of felony, or while awaiting sentence or pending appeal or certiorari after conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both, or (2) if he was released in connection with a charge of misdemeanor, be fined not more than the maximum provided for such misdemeanor or imprisoned for not more than one year, or both . . . .

2. ". . . the Appellant does not present questions as to the validity of the statute under which he was sentenced . . . ." Appellant's Reply Brief at 5.

3. A punishment may also be unconstitutional if it "makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering." *Coker v. Georgia*, 433 U.S. at 592, 97 S.Ct. at 2865. It

Court has characterized the inquiry as "whether the penalty is 'so out of proportion to the crime committed that it shocks a balanced sense of justice.'" *United States v. Holman*, 436 F.2d 863, 866 (9th Cir.), *cert. denied*, 402 U.S. 913, 91 S.Ct. 1394, 28 L.Ed.2d 655 (1971), *citing Gallego v. United States*, 276 F.2d 914, 918 (9th Cir. 1960).

 We cannot discern the requisite gross disparity under the circumstances of this case. Nor is our sense of justice shocked. Appellant chose to disregard the clear command of the law and the explicit conditions of his release, remaining at large for nearly two years. Having done so, he cannot now escape the consequences of his actions. It is notable that the sentence appellant received was not in excess of what he could have received upon conviction of the original charges against him had he not been permitted to plead to a lesser offense pursuant to his agreement with the Government.

Appellant's contention that his failure to appear for sentencing was motivated by the innocent desire to protect the personal safety of himself and his wife cannot survive the unanimous verdict of the jury, which had been instructed that, in order to find appellant guilty, all of its members had to be satisfied beyond a reasonable doubt that the Government had proven every element of the charged offense. One of these elements was specific intent, defined by the trial court in its instructions as being established by proof that "the defendant knowingly failed to do an act which the law requires, purposely intending to violate the law." We must accept as fact, then, that appellant knowingly and purposely failed to submit himself to the authority of the court for sentencing.

While the legislative history of 18 U.S.C. § 3150 discloses the intent of Congress that misdemeanants failing to appear be treated more leniently than felons,[4] it is significant that the execution of this intent was entrusted to the discretion of the sentencing judge. We are satisfied, in light of the appellant's criminal history and his direct affront to the authority of the court, that the district court did not abuse that discretion here. Its judgment is, accordingly, AFFIRMED.

---

hardly needs saying that the sentence imposed here cannot be so characterized.

**4.** The House report states:

Although the provision authorizes courts to impose the maximum penalty of a $5000 fine, or imprisonment for 5 years, or both, upon persons who fail to appear, as ordered, after being released while awaiting sentence or

pending appeal or certiorari at the conviction of any offense, including misdemeanors, it is contemplated that the courts will exercise discretion in treating misdemeanants more leniently than felons.

H.R.Rep. No. 1541, 89th Cong., 2d Sess. 16 (1966), U.S.Code Cong. & Admin.News 1966, pp. 2293, 2306.