961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alan COPELAND, Defendant-Appellant.
 No. 91-15266.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 24, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alan Copeland, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to reduce his sentence. Copeland contends that he has been deprived of his rights to equal protection and due process because two of his codefendants received substantially lesser sentences. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 The district court did not err by denying Copeland's section 2255 motion. The disparity between the sentences of Copeland and his codefendants does not violate Copeland's constitutional rights. See United States v. Yarbrough, 852 F.2d 1522, 1545-46 (9th Cir.) ("[t]he sentence imposed by a federal district judge, if within statutory limits, is generally not subject to review"), cert. denied, 488 U.S. 866 (1988); United States v. Endicott, 803 F.2d 506, 510 (9th Cir.1986) ("absent an infringement of defendant's constitutional right to stand trial, a district court judge is not required to explain the basis for disparate sentences, within statutory limits, imposed upon similar codefendants"). Here, Copeland was not denied his right to stand trial and his sentence is within the statutory limit. Moreover, the district court explained that Copeland deserved a more severe sentence than his codefendants because (1) he was the "ringleader" of the fraudulent loan scheme; and (2) he had "a prior criminal history which others did not have."
 
 
 4
 Nor does Copeland's sentence constitute cruel and unusual punishment. See United States v. Washington, 578 F.2d 256, 258 (9th Cir.1978) ("[i]t is established in this circuit that a sentence which is within the limits set by a valid statute may not be overturned on appeal as cruel and unusual"). Finally, Copeland's argument that he did not receive the full benefit of his cooperation with the government is meritless. Indeed, the district judge considered Copeland's cooperation as a reason for accepting the government's recommendation of a 5-year sentence.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3