15 F.3d 1093
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Frank PATE, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert JORDAN, Defendant-Appellant.
 Nos. 92-50207, 92-50406.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994 as to 92-50207.*
Argued and Submitted Jan. 4, 1994 as to 92-50406.
Decided Jan. 26, 1994.
 
 1
 Before: GOODWIN and HALL, Circuit Judges, and TANNER,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 I. Statement of Facts
 
 3
 Frank J. Pate, Jr. and Albert Jordan were arrested in Inglewood, California on November 14, 1991, after Jordan sold 75 grams of cocaine to an undercover police officer in a restaurant parking lot. Pate had driven Jordan to the location. At the time of the transaction, Pate was seated in the car approximately five feet away with a loaded .380 caliber handgun in the car between the driver's and passenger's seat. Pate and Jordan had sold cocaine to the same arresting officer the previous day.
 
 
 4
 After arresting Pate and Jordan, the Inglewood police searched the apartment where Pate and Jordan resided, pursuant to a search warrant. Police recovered 34 grams of cocaine base, additional firearms, and "indicia of narcotics sales" at the residence.
 
 
 5
 Appellant Pate pled guilty to two counts of possession of cocaine base with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1), and one count of using or carrying a firearm during and in relation to a drug trafficking crime pursuant to 18 U.S.C. Sec. 924(c). Pate's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).
 
 
 6
 Appellant Jordan was convicted by a jury of one count of conspiracy, two counts of possession with intent to distribute a controlled substance, and two counts of using or carrying a firearm during and in relation to a drug trafficking crime.
 
 
 7
 We have jurisdiction pursuant to 18 U.S.C. Sec. 3742, and 28 U.S.C. Sec. 1291. We affirm.
 
 II. Pate
 A. Plea Agreement
 
 8
 Pate claims that the district court erred in determining that there was a factual basis for his plea under Fed.R.Crim.P. 11, and failed to make appropriate findings of fact.
 
 
 9
 Before accepting his plea, the court personally inquired of Pate whether he understood the charges against him. Through his responses, the court determined that Pate understood the nature of the charges, the mandatory minimum and maximum sentences provided by law, and the consequences of his plea.
 
 
 10
 The transcript of the plea hearing controverts Pate's claim that his plea was not knowing and voluntary. In response to the court's inquiry, Pate indicated he was pleading guilty freely and voluntarily, without threats or promises having been made to him. At sentencing, Pate admitted the acts constituting the offense. The district court specifically found that there was a factual basis for Pate's plea. There is no basis for appeal on these grounds.
 
 B. Acceptance of Responsibility
 
 11
 Whether a defendant has accepted responsibility is a finding of fact, reviewed for clear error. United States v. Gonzales, 897 F.2d 1018, 1019 (9th Cir.1990).
 
 
 12
 In the present case, the district court did not clearly err in finding that the government's promise to move for a downward departure was conditioned on Pate's promise to truthfully disclose his involvement to the court and the Probation officer. The written plea agreement states:
 
 
 13
 In exchange for your client's entry of a plea of guilty ..., his full acceptance of responsibility and his truthful disclosures to the Court and the Probation Office concerning the acts alleged in the information, the government will forgo prosecution of your client for the firearms discovered in his apartment ... and recommend to the court that he receive a two-point reduction in his base offense level pursuant to 3E1.1 of the sentencing guidelines.
 
 
 14
 After signing this agreement, Pate met with a probation officer and denied involvement in the offense. The government thereafter concurred in the probation department's recommendation denying Pate a two-point reduction for acceptance of responsibility.
 
 
 15
 In light of these events, the district court's decision to deny a two-point reduction for acceptance of responsibility is not clearly erroneous. United States v. Gonzales, 897 F.2d 1018, 1019 (9th Cir.1990).
 
 C. Selective Prosecution Claim
 
 16
 Pate's failure to establish a prima facie case of selective prosecution is reviewed for clear error. United States v. Gutierrez, 990 F.2d 472, 475 (9th Cir.1993).
 
 
 17
 Prior to sentencing, Pate raised due process claims in his presentence memorandum identical to claims made by codefendant Jordan at Jordan's sentencing hearing.[1] Although both the government and Pate agree that the findings of fact which the court signed as to Pate should be stricken because Pate was not a participant, this error was harmless.[2]
 
 
 18
 The Ninth Circuit has addressed the due process issue several times. Each time, it has found no violation of due process in the prosecution of a defendant in federal court when state law enforcement investigated the crime. United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992); United States v. Nance, 962 F.2d 860, 864-65 (9th Cir.1992). See also United States v. Palmer, 3 F.3d 300, 305-06 (9th Cir.1993) (defendant's conduct violated both state and federal law, and defendant could be prosecuted either federally or by state).
 
 
 19
 Furthermore, Pate has failed to make a prima facie case showing that his prosecution rested on an impermissible basis. United States v. Sitton, 968 F.2d 947, 953 (9th Cir.1992), cert. denied, 113 S.Ct. 1306 (1993); United States v. Redondo-Lemos, 955 F.2d 1296, 1300-01 (9th Cir.1992). The district court's determination that Pate failed to make a prima facie case is not clearly erroneous.
 
 
 20
 D. 8th Amendment/Cruel and Unusual Punishment
 
 
 21
 "[A] sentence which is within the limits set by a valid statute may not be overturned as cruel and unusual." United States v. Klein, 860 F.2d 1489, 1495 (9th Cir.1988), citing United States v. Washington, 578 F.2d 256 (9th Cir.1978).
 
 
 22
 The statutory maximum for possession with intent to distribute cocaine base over 50 grams pursuant to 21 U.S.C. Sec. 841(a)(1), is life imprisonment. Pate was convicted of two counts of 21 U.S.C. Sec. 841(a)(1), and one count of using or carrying a firearm during and in relation to a drug trafficking crime. He received a sentence of 168 months on counts one and three, plus a mandatory 60 months consecutive on count two (the firearms count) pursuant to 18 U.S.C. Sec. 924(c). This sentence was at the low end of the applicable guideline range, and well below the statutory maximum of life imprisonment. The sentence is not cruel and unusual.
 
 E. Ineffective Assistance of Counsel
 
 23
 Pate claims that but for counsel's errors, he would have received a lower sentence. We disagree.
 
 
 24
 To prevail on an ineffective assistance claim, Pate must show deficient performance and prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Such claims are more properly raised by collateral attack rather than on direct appeal. United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992). We will reach the issue on direct appeal only in those rare instances in which, (1) the representation is so inadequate it obviously denies a defendant his right to counsel, or (2) the record is sufficiently developed. Id. This is not such a case. Accordingly, we do not address this issue. Counsel's motion to withdraw is granted, and Pate's appeal is dismissed.
 
 III. JORDAN
 A. Discovery
 
 25
 Jordan argues that the district court erred in denying his motion for discovery in support of his selective prosecution claim.
 
 
 26
 A district court's decision denying discovery related to a selective prosecution motion is reviewed for an abuse of discretion. United States v. Bourgeois, 964 F.2d 935, 937 (9th Cir.1992), cert. denied, 113 S.Ct. 290 (1993).
 
 
 27
 A defendant has a high threshold in establishing entitlement to discovery on a selective prosecution claim. He must identify "specific facts, not mere allegations, which establish a colorable basis for the existence of both discriminatory application of a law and discriminatory intent on the part of government actors." Bourgeois, 964 F.2d at 939.
 
 
 28
 Jordan's proffer consists of the declaration of a paralegal in the federal public defender's office stating that, of twenty-three defendants prosecuted for cocaine base offenses in the last three years, all were black, and a new article describing the arrest of forty-five youths at a local high school. As the district court found, this is not enough. Jordan failed to show that similarly situated individuals had not been prosecuted,[3] Bourgeois, 964 F.2d at 938. Jordan also fails to show "prosecution based on an impermissible motive." Bourgeois, 964 F.2d at 938.
 
 
 29
 The statistical information offered only serves to show that twenty-three other black cocaine base offenders were prosecuted by the federal government over a three-year period. It does not show race as the improper motive. Jordan failed to establish a prima facie case. The district court did not abuse its discretion in denying Jordan's motion for discovery.
 
 B. Prosecutorial Misconduct
 
 30
 Jordan claims the district court erred by denying his motion to dismiss the indictment based upon prosecutorial misconduct before the grand jury.
 
 
 31
 Claims of prosecutorial misconduct in the grand jury are mixed questions of law and fact reviewed de novo. United States v. Spillone, 879 F.2d 514, 520 (9th Cir.1989), cert. denied, 498 U.S. 878 (1990).
 
 
 32
 Dismissal of an indictment for prosecutorial misconduct in grand jury proceedings is appropriate only "... if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is 'grave doubt' that the decision to indict was free from substantial influence." Spillone, 879 F.2d at 521 (quoting Bank of Nova Scotia v. United States, 487 U.S. 250 (1988)).
 
 
 33
 Jordan points to several allegedly false statements made by the sole witness at the grand jury proceedings.[4]
 
 
 34
 Whether the alleged misstatements were intentional is relevant in determining whether dismissal is warranted for prosecutorial misconduct before the grand jury. United States v. Gonzales, 800 F.2d 895, 899 (9th Cir.1986).
 
 
 35
 The district court found that the misstatements as to the drugs in Jordan's bedroom, and comments as to "belief" that the guns were stolen, etc., were not intentional.
 
 
 36
 Another alleged error, agent Cochran's reference to Jordan's decision not to talk to the police after his arrest, was cured by corrective instructions from the assistant United States attorney advising the jurors not to consider such a statement in their deliberations.
 
 
 37
 The district court properly found that the overwhelming evidence presented to the grand jury supports the indictment.
 
 C. Motion to Suppress
 
 38
 Jordan also claims that the district court erred in denying his motion to suppress evidence found in his car.
 
 
 39
 We review denial of a suppression motion de novo. United States v. Nance, 962 F.2d 860 (9th Cir.1992).
 
 
 40
 The failure to raise a suppression issue prior to trial in the district court results in a waiver of that issue on appeal. Fed.R.Crim.P. 12(b)(3), 12(f); United States v. Gonzalez, 749 F.2d 1329, 1336 (9th Cir.1984). Jordan's motion was untimely, and the motion can be disposed of on this basis.
 
 
 41
 Even if not waived, however, the issue is subject to review only for plain error. United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.), cert. denied, 493 U.S. 863 (1989).[5]
 
 
 42
 Jordan alleges that the search of his car after his arrest violated the Fourth Amendment because it occurred one to one and one-half hours after his arrest. This argument lacks merit.
 
 
 43
 Probable cause justifies search of every part of a vehicle and its contents which may contain contraband. United States v. Ross, 456 U.S. 798, 825 (1982). See United States v. Johns, 469 U.S. 478, 486 (1985) (upholding warrantless search of packages removed from impounded car three days after seizure of car). The district court did not commit plain error in denying this motion.
 
 D. Sufficiency of The Evidence
 
 44
 Jordan challenges the sufficiency of the evidence to support his conviction on two counts of violating 18 USC Sec. 924(c).
 
 
 45
 In judging the sufficiency of the evidence at trial, the standard of review is whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. United States v. Mundi, 892 F.2d 817, 820-21 (9th Cir.1989), cert. denied, 111 S.Ct. 1119 (1991).
 
 
 46
 Conviction under 18 USC Sec. 924(c) requires proof that: (1) defendant committed a drug trafficking crime; and (2) defendant used or carried a firearm during and in relation to the drug trafficking crime. United States v. Martinez, 967 F.2d 1343, 1346 (9th Cir.1992).
 
 
 47
 As to the first element, conspiracy to possess with intent to distribute cocaine base is a drug trafficking crime as a matter of law. 18 U.S.C. Sec. 924(c).
 
 E. Count Five
 
 48
 Count five charged Jordan with the use of the three firearms found in his bedroom inside the apartment he shared with Pate. Two of the firearms were located in a closet, and a loaded gun was found under Jordan's mattress. This was sufficient to prove Jordan's possession of the firearms.
 
 
 49
 A firearm is used 'in relation to' an offense "[i]f the firearm is within the possession or control of a person who commits an underlying crime as defined by the statute, and the circumstances of the case show that the firearm facilitated or had a role in the crime, such as emboldening an actor who had the opportunity or ability to display or discharge the weapon to protect himself or intimidate others whether or not such display or discharge in fact occurred ..." United States v. Stewart, 779 F.2d 538, 540 (9th Cir.1985). See also United States v. Guy, 903 F.2d 1240, 1243 (9th Cir.1990) (use element satisfied when firearm was located so as to be quickly and easily available for use). Even though the narcotics found at the apartment were found in Pate's bedroom, Jordan is vicariously liable for them as a co-conspirator. Pinkerton v. United States, 328 U.S. 640, 646-48 (1946). In addition, drug paraphernalia was found in the apartment. There was testimony at trial that the drugs, pagers and scales, etc. were used for the purpose of drug distribution. On this evidence, a reasonable jury could have found that the firearms were used as protection for the drugs stored at the apartment.
 
 F. Count Three
 
 50
 Count three charged Jordan with the use of the firearm found inside the center console of the car driven by Pate during Jordan's sale of narcotics to the undercover officer on November 14, 1991. Jordan is liable for the gun as a co-conspirator with Pate, based on their concert of action in making the sale. Pinkerton v. United States, 328 U.S. 640, 646-48 (1946).
 
 
 51
 We find that the evidence introduced at trial is sufficient to sustain Jordan's convictions under 18 U.S.C. Sec. 924(c).
 
 G. Motion to Substitute Counsel
 
 52
 This court reviews a motion to substitute counsel for an abuse of discretion. United States v. Ono, 997 F.2d 647, 650 (9th Cir.1993); United States v. Schaff, 948 F.2d 501, 503 (9th Cir.1991).
 
 
 53
 Three factors are to be considered in reviewing a district court's denial of a motion for substitution: (1) timeliness of the motion; (2) adequacy of court's inquiry into the defendant's complaint; and, (3) whether the conflict between the defendant and his attorney was so great that it resulted in a complete breakdown in communication and an inability to present a defense. United States v. Garcia, 924 F.2d 925, 926 (9th Cir.), cert. denied, 111 S.Ct. 2809 (1991).
 
 
 54
 Jordan's complaints regarding his counsel were set forth in detail in his motion for appointment of counsel. Jordan criticized his attorney's strategy at trial and he claimed that his attorney did not follow his advice. At the sentencing hearing, the government argued that Jordan's convictions required a statutorily mandated minimum sentence of thirty-five years, but the court imposed a sentence of only fifteen years, one month. Because Jordan's allegations do not establish "a total lack of communication" preventing an adequate defense, we find that the district court did not abuse its discretion. See United States v. Schaff, 948 F.2d 501, 505 (9th Cir.1991).
 
 
 55
 The decisions of the district court are AFFIRMED.
 
 
 
 *
 This panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Pate alleges that prosecution in federal court for a violation of drug laws is violative of due process because he was arrested by state law enforcement officers
 
 
 [2]
 As defense counsel points out in his motion to withdraw, although the findings of fact are not applicable to Pate, the district court's conclusions are nonetheless accurate as to him
 
 
 [3]
 For instance, defendant has not shown that non-black cocaine-base offenders were not prosecuted
 
 
 [4]
 The claimed misstatements relate to allegedly "stolen" guns, cocaine base found in defendant's bedroom, and statements regarding "packaging materials" (baggies of marijuana), a missing serial number, and use of the pronouns "we" and "us" by Agent Cochran in referring to the investigation
 
 
 [5]
 Defendant cites to his pro se post conviction motion for judgment of acquittal and ineffectiveness of counsel motion as his "motion to suppress." (AOB 28; ER 100-06)