

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2007

# USA v. Mota-Herrera

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2904

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Mota-Herrera" (2007). *2007 Decisions.* Paper 858.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/858

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2904
_____

UNITED STATES OF AMERICA

v.

ROBERTO MOTA-HERRERA,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 05-cr-00413-2)
District Judge:  Honorable William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a)
June 18, 2007

Before:  McKEE, FISHER and CHAGARES, *Circuit Judges*.

(Filed: June 29, 2007)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Pursuant to a plea agreement on March 8, 2006, Appellant Roberto Mota-Herrera,

pleaded guilty to conspiracy to distribute and possession with intent to distribute cocaine

hydrochloride, in violation of 21 U.S.C. § 846.  The District Court sentenced Appellant to

81 months in prison, and he timely appealed. Appellant's Counsel now requests leave to withdraw and has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no nonfrivolous issues to appeal. We will grant Counsel's *Anders* motion and affirm the District Court's judgment of sentence.

## I.

As we write only for the parties who are familiar with the factual context and procedural history of the case, we will set forth only those facts necessary to our analysis. In October 2005, a grand jury returned a two-count indictment against Appellant and his co-defendants. Specifically, Count I charged Appellant with conspiracy to distribute and possession with intent to distribute in excess of 100 kilograms of cocaine hydrochloride and Count II consisted of a forfeiture count. Pursuant to a written plea agreement, Appellant pleaded guilty to Count I and waived his right to appeal any conviction or sentence on the grounds set forth in 18 U.S.C. § 3742, or on any other constitutional grounds. In return, Appellant was not required to admit the amount of cocaine in the transaction and, if warranted, the Government agreed to recommend a three-level reduction under the United States Sentencing Guidelines ("Guidelines") for acceptance of responsibility.

Neither party objected to the Pre-Sentence Report ("PSR") which calculated Appellant's base offense level to be 36. In accordance with the plea agreement, the Government moved for a downward departure, requesting a two-level reduction under the safety valve provision and a three-level reduction for acceptance of responsibility. The

2

Government's motion was granted and the offense level was adjusted to 31. A base offense level of 31 and a criminal history category of I yield an advisory Guidelines range of 108-135 months. Subsequently, the District Court sentenced Appellant to 81 months imprisonment and his co-defendants to 48 months and 65 months, respectively. Appellant filed a timely appeal, but his Counsel now moves to withdraw pursuant to *Anders*. Appellant submitted a *pro se* brief claiming that in addition to being unreasonable, the District Court's sentence violated his Eighth Amendment right to be free from cruel and unusual punishment. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).[1]

## II.

In *Anders v. California*, the Supreme Court held that if counsel "finds [an appeal] to be wholly frivolous, after a conscientious examination" of the record, he should "so

_____

[1]In its brief, the Government argued that we do not have jurisdiction over this appeal because Appellant signed a plea agreement waiving his right to appeal. However, in our recent decision in *United States v. Gwinnett*, 483 F.3d 200 (3d Cir. 2007), we explained that we do have jurisdiction over appeals even where, as here, the defendant has waived his right to appeal. *Id.* at 203 ("This Court has both statutory and constitutional subject matter jurisdiction over appeals when a criminal defendant has waived his appellate rights in an enforceable plea agreement."). Nonetheless, we held that "we will not exercise that jurisdiction to review the merits of [such an appeal] if we conclude that [the defendant] knowingly and voluntarily waived h[is] right to appeal unless the result would work a miscarriage of justice." *Id.* As the instant case was filed prior to our opinion in *Gwinnett*, however, neither Defense Counsel nor the Government has briefed the issue of whether the waiver here was knowing and voluntary. Thus, although a review of the record does not raise any concerns regarding the knowing and voluntary nature of Appellant's waiver, we choose in this instance to look to the merits of the possible claims Appellant might have on appeal.

advise the court and request permission to withdraw." 386 U.S. at 744; *see also United States v. Youla*, 241 F.3d 296, 299 (3d Cir. 2001). Counsel is required to examine the record and submit a brief addressing any issues that arguably support the appeal. *Anders*, 386 U.S. at 744; L.A.R. 109.2(a).[2] In the brief, counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and must also "explain . . . why the issues are frivolous." *United States v. Marvin*, 211 F.3d 778, 780-81 (3d Cir. 2000). We must then must make a two-part inquiry asking: "(1) whether counsel adequately fulfilled the requirements [of Rule 109.2(a)] and (2) whether an independent review of the record presents any nonfrivolous issues." *Youla*, 241 F.3d at 300 (internal citation omitted).

**A.**

To comply with the first part of a Rule 109.2(a) inquiry, the Court must be satisfied that "counsel has thoroughly examined the record in search of appealable issues, and . . . [has] explain[ed] why the issues are frivolous." *Id.* In his brief, Counsel addressed two possible issues: (1) whether the Guidelines calculation was correct and (2) whether Appellant's sentence was unreasonable under 18 U.S.C. § 3553(a). Counsel also explained why the issues raised are frivolous and submitted an appendix containing

---

[2]L.A.R. 109.2(a) provides that "[w]here upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 [] (1967), which shall be served upon appellant and the United States." *Id.*

4

the relevant portions of the record. After reviewing Counsel's brief and the accompanying materials, we conclude that he has satisfied the requirements of Rule 109.2(a).

**B.**

After concluding that counsel has satisfied the requirements of Rule 109.2(a), we must independently review the record and determine whether any nonfrivolous issues exist for purposes of the appeal. An appeal is frivolous as a matter of law where "none of the legal points [are] arguable on their merits." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pursuant to *Youla*, "where an *Anders* brief initially appears adequate on its face, the proper course is for the appellate court to be guided in reviewing the record by the *Anders* brief itself." 241 F.3d at 301 (internal quotation marks and citations omitted). A "complete scouring of the record" is unnecessary. *Id.* Here, we have determined that Counsel's *Anders* brief is adequate on its face and thus, we are guided by that brief.

In his brief, Counsel raises the Guidelines calculation of Appellant's base offense level as a possible issue. However, he also demonstrates that the challenge lacks merit because there is no evidence to suggest that Appellant's base offense level was improperly calculated by the District Court. The record shows Appellant received a five-level downward departure from his original base offense level of 36, receiving instead an adjusted offense level of 31. This level was calculated using the PSR, to which Appellant never objected.

5

The argument that Appellant's sentence was unreasonable pursuant to *United States v. Booker,* 543 U.S. 220 (2005), also lacks merit because the District Court adequately considered the 18 U.S.C. § 3553(a) factors in its determination of Appellant's sentence. *See United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). Appellant argues that his sentence is unreasonable because of the disparity between his sentence and the sentences of his co-defendants. This claim is without merit as the District Court did consider the disparity in the sentences, but explained that the disparity was warranted because of Appellant's major role in the offense as opposed to the minor roles played by his co-defendants. As the District Court gave meaningful consideration to the factors under 18 U.S.C. § 3553(a), including the disparity in sentencing between the co-defendants, we find the sentence to be reasonable.

Appellant further argues that the sentence violates his Eighth Amendment right to be free from cruel and unusual punishment. A sentence of 81 months imprisonment for engaging in a conspiracy to distribute and possess cocaine is not "so grossly out of proportion to the severity of the crime" as to shock the conscience of the court. *See United States v. Washington*, 578 F.2d 256, 259 (9th Cir. 1978) (internal citation omitted). Therefore, Appellant's Eighth Amendment claim is also without merit. After our independent review, this Court finds itself in agreement with Counsel that there are no nonfrivolous issues for appeal.

III.

Accordingly, we will affirm the District Court's judgment of sentence and grant counsel's motion to withdraw.[3]

---

[3]As a result, we conclude that it is not necessary to appoint counsel to file a petition for rehearing in this Court or a petition for writ of certiorari in the United States Supreme Court on Mota-Herrera's behalf. *See* L.A.R. 109.2(b).