NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>CRISPIN TORRES, JR.,<br><br>        Defendant-Appellant. | No.    21-50074<br><br>D.C. No.<br>3:20-cr-02114-LAB-1<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted March 10, 2022[**]
Pasadena, California

Before:  IKUTA, LEE, and FORREST, Circuit Judges.

Defendant Crispin Torres appeals from his 48-month sentence for conspiracy to commit securities fraud arising from his involvement in a large Ponzi scheme. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

**1. *Guideline range.*** Under § 2B1.1(a)(2) of the United States Sentencing Guidelines,[1] the correct base offense level was six, not seven. Although the district court erred in calculating the offense level, as the parties agree, it was harmless because § 5G1.1 would have reduced the Guideline range to the statutory maximum of 60 months either way. *See United States v. McCarns*, 900 F.3d 1141, 1145 (9th Cir. 2018) (applying harmless error review to mistakes made in Guidelines calculations); *United States v. Leal-Vega*, 680 F.3d 1160, 1170 (9th Cir. 2012) (same). Thus, the district court did not plainly err because the error did not affect Torres's substantial rights or seriously affect the proceedings. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

**2. *Downward Departure and Variance.*** For the first time on appeal, Torres argues the district court erroneously relied on its miscalculated Guideline range of 97–121 months as the benchmark for declining to grant any further downward departures or variances. The district court did not err in failing to identify the correct sentencing benchmark, because the record demonstrates that the district court understood that the statutory maximum of 60 months was the benchmark. Torres's reliance on *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010) is therefore misplaced, as the district court in that case failed to recognize the correct guideline

---

[1] All citations to "section" or "§" are to the United States Sentencing Commission, Guidelines Manual, (Nov. 2021), unless otherwise noted.

2

range, *see id.* at 181. Even assuming this was error, it was not plain error because Torres has not shown a "reasonable probability" that the district court would have imposed a different sentence in the absence of the error. *United States v. Bautista*, 989 F.3d 698, 702 (9th Cir. 2021) (internal quotation marks and citation omitted); *United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

The record shows that the sentence imposed was intended to reflect the nature and characteristics of Torres's crime. *See United States v. Mohamed*, 459 F.3d 979, 985 (9th Cir. 2006) (holding that a district court can vary from a Guideline range and impose a higher sentence in consideration of the factors set forth in 18 U.S.C. § 3553). The district court properly referenced and considered relevant conduct that occurred before Torres entered into the plea bargain in determining his sentence. *See United States v. Nakagawa*, 924 F.2d 800, 804 (9th Cir 1991) (holding that a district court did not err at sentencing by considering "aspects of [the defendant's] offense that were not specified in the information to which he pled guilty."). The district court clearly understood that a high end of 60 months was the starting point for applying the § 5K1.1 departure and explicitly calculated the 60-month sentence before "turn[ing] to the 3553 factors." The district court also emphasized that it was concerned about the scope of the Ponzi scheme and the number of victims and amount of loss involved and that it believed that the parties' sentencing recommendations minimized Torres's involvement. We find no reversible error.

**3.** *Eighth Amendment.* Finally, Torres argues that his sentence violates the Eighth Amendment because of his health conditions and his minor role in the crime. "A sentence which is within the limits set by a valid statute may not be overturned on appeal as cruel and unusual." *United States v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998) (quotations and citation omitted); *United States v. Washington*, 578 F.2d 256, 258 (9th Cir. 1978). Here, the crime of conviction carried a five-year maximum sentence, and Torres received a 48-month sentence—12 months below the statutory maximum. *See* 15 U.S.C. § 77x. Therefore, there is no Eighth Amendment violation. *See Washington*, 578 F.2d 256, 258.

**AFFIRMED.**