**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10335 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00280-JCM-GWF-1 |
| v. | |
| DOMINQUE WELLS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted July 13, 2018
Submission Deferred August 15, 2018
Resubmitted September 1, 2020
San Francisco, California

Before: HAWKINS, BEA, and HURWITZ, Circuit Judges.

Dominque Wells appeals his jury conviction and sentencing on twelve counts:

seven total counts of Hobbs Act robbery and conspiracy to commit Hobbs Act

robbery under 18 U.S.C. § 1951 and five counts of use of a firearm in relation to a

crime of violence under 18 U.S.C. § 924(c). On appeal, Wells challenges (1) the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

district court's order denying his motion to dismiss, (2) the district court's order granting his motion to represent himself at trial, (3) various evidentiary rulings, (4) certain jury instructions, (5) his § 924(c) convictions, and (6) the district court's sentencing determinations. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate the sentence for Wells's Hobbs Act robbery convictions, and remand to the district court for resentencing on those convictions. We affirm the district court in all other respects.

1.      Wells was not entitled to dismissal of his indictment for lack of jurisdiction. We review *de novo*. *See United States v. Phillips*, 367 F.3d 846, 854 (9th Cir. 2004).

The Hobbs Act subjects a person to criminal liability if he "in any way or degree obstructs, delays, or affects commerce . . . by robbery." § 1951(a). "The Act defines 'commerce' broadly as interstate commerce 'and all other commerce over which the United States has jurisdiction.'" *Taylor v. United States*, 136 S. Ct. 2074, 2077 (2016) (quoting § 1951(b)(3)). It is well-established that even a *de minimis* effect on interstate commerce is sufficient to support jurisdiction. *United States v. Rodriguez*, 360 F.3d 949, 955 (9th Cir. 2004).

The Government presented evidence that Wells robbed a 7-Eleven convenience store, two liquor stores, a title and payday loan business, and a GameStop store. Wells characterizes his alleged conduct as intrastate, thereby

2

falling outside the purview of the commerce clause. He acknowledges authority contrary to his position, but seeks a "modification of existing interpretations," urging us to consider a much narrower view of "affects commerce." Precedent, however, constrains us from doing so. *See, e.g.*, *Taylor*, 136 S. Ct. at 2079–81 (affirming Hobbs Act conviction for robbery of a drug dealer and reiterating that "it makes no difference under our cases that any actual or threatened effect on commerce in a particular case is minimal"); *Rodriguez*, 360 F.3d at 955 (affirming Hobbs Act conviction for robbery of a "business enterprise" and reinforcing that "[r]obbery of an interstate business . . . typically constitutes sufficient evidence to satisfy the Hobbs Act's interstate commerce element").

**2.** The district court did not err in granting Wells's motion to represent himself at trial. Because waiver of counsel is a mixed question of law and fact, we review *de novo*. *United States v. Erskine*, 355 F.3d 1161, 1161 (9th Cir. 2004).

The Sixth Amendment's guarantee of the right to assistance of counsel does not preclude a criminal defendant from waiving that right and representing himself at trial. *See Adams v. United States* ex rel. *McCann*, 317 U.S. 269, 275 (1942). To do so, a defendant must knowingly and intelligently waive that right. *Faretta v. California*, 422 U.S. 806, 835 (1975). The district court must ensure that the defendant "understands 1) the nature of the charges against him, 2) the possible penalties, and 3) the dangers and disadvantages of self-representation." *Erskine*, 355

3

F.3d at 1167 (internal citation omitted). However, "a defendant need not himself have the skill and experience of a lawyer." *Faretta*, 422 U.S. at 835.

After Wells moved to represent himself at trial, the district court held an adequate *Faretta* hearing, asking Wells a series of questions relating to his understanding of the task at hand. *Cf. Lopez v. Thompson*, 202 F.3d 1110, 1119 (9th Cir. 2000) (affirming denial of request for writ of habeas corpus and concluding that defendant knowingly and intelligently waived his right to counsel because the district court inquired about "the defendant's understanding of the importance of counsel, not the defendant's understanding of the substantive law or the procedural details"). Wells asks "for a slight modification of *Faretta* and its progeny" to support his position that a district court should also consider a defendant's legal skills and understanding. We decline to do so.

3.      The district court did not commit either evidentiary error that Wells alleges. Because Wells did not object at trial to either alleged error, both claims are subject to plain error review. *United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015).

Wells first challenges the authentication of a surveillance video that recorded the 7-Eleven robbery. The Government moved to admit the surveillance video following the testimony of 7-Eleven employee Trayvon Perry. Although Perry did not work at the 7-Eleven store at the time of the robbery, Perry was managing the

4

store at the time of trial. Perry testified that he was familiar with the store's surveillance system, that he personally knew the victim who appeared in the surveillance video, and that the surveillance video accurately portrayed both the victim and the store. Accordingly, Perry's authentication testimony was sufficient "to support a finding that the item is what the proponent claims it is." *See* Fed. R. Evid. 901(a); *United States v. Gadson*, 763 F.3d 1189, 1203–04 (9th Cir. 2014) (affirming admission, under plain error standard, of taped prison telephone calls made by the defendant after officer, who was not present for the calls, testified about his familiarity with the telephone system).

Wells next argues that the district court improperly admitted testimony touching upon an ultimate issue reserved for the jury. When Detective Patrick Flynn was asked in his sixteen years of experience whether it is "common for federal authorities to become involved in these types of cases," he answered, "Yes." When asked whether "this type of offense is a violation of both federal and state law," Detective Flynn again testified, "Yes." It is not plain or "so obvious," despite Wells's contention otherwise, that Detective Flynn offered an opinion on whether Wells's alleged conduct specifically violated federal law, thereby usurping the jury's role in determining Wells's guilt or innocence; rather, Detective Flynn seemed to offer a general insight on what was "common" in investigating "these types of cases." *Cf.* Fed. R. Evid. 704 (prohibiting testimony on "whether the defendant did

or did not have a mental state or condition that constitutes an element of the crime charged or of a defense"). Therefore, the district court did not clearly err in admitting Detective Flynn's testimony.

4.     The district court did not err in declining to give Wells's proposed jury instruction defining "commerce." Wells's requested definition derives from the Hobbs Act itself, § 1951(b)(3), while the district court's definition derives from the Ninth Circuit Model Criminal Jury Instructions. Reviewing *de novo*, we fail to see the substantive difference between "commerce between any point in a State . . . and any point outside thereof" and "commerce from one state to another." The district court's instruction adequately covered a theory of Wells's defense that he sought to present. *See United States v. Kenny*, 645 F.2d 1323, 1337 (9th Cir. 1981) ("The jury must be instructed as to the defense theory of the case, but the exact language proposed by the defendant need not be used, and it is not error to refuse a proposed instruction so long as the other instructions in their entirety cover that theory").

5.     Wells challenges his convictions for use of a firearm in relation to a crime of violence under 18 U.S.C. § 924(c) on the basis that the predicate offense, Hobbs Act robbery, is not actually a "crime of violence." This argument, however, is foreclosed by our recent opinion in *United States v. Dominguez*, 954 F.3d 1251 (9th Cir. 2020). In that opinion, we rejected many of the same arguments that Wells presents here and determined that Hobbs Act robbery is categorically a crime of

6

violence under § 924(c)(3)(A). *Id.* at 1261. Similarly, here, we affirm Wells's convictions under § 924(c).

**6.** Lastly, Wells challenges his sentence. The district court sentenced him to 70 months imprisonment to run concurrently for the seven Hobbs Act robbery and conspiracy counts, 84 months for the first of the § 924(c) counts, and 300 months for each of the remaining four § 924(c) counts. The sentence totals 1,354 months.

Wells's lengthy sentence derives primarily from certain mandatory minimum sentences imposed in connection with his five § 924(c) convictions. *See* § 924(c)(1)(A)(ii) (mandating a sentence of not less than seven years "if the firearm is brandished" during the crime of violence); § 924(c)(1)(C)(i) (mandating a sentence of not less than twenty-five years for each "second or subsequent" § 924(c) conviction); § 924 (c)(1)(D)(ii) (providing that "no term of imprisonment imposed on a person under this subsection shall run concurrently").[1] The district court lacked

---

[1] When Wells was tried, convicted, and sentenced, a defendant convicted of numerous § 924(c) violations, even in a single multi-count indictment, faced a 25-year mandatory minimum sentence for each second or subsequent § 924(c) violation. *See Deal v. United States*, 508 U.S. 129, 132 (1993). Subsequently, in December 2018, Congress amended § 924(c) by changing the enhancement criterium from "second or subsequent conviction under this subsection" to "violation of this subsection that occurs after a prior conviction under this subsection has become final." *Compare* 18 U.S.C. § 924(c)(1)(C) (2006), *with* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Although "the 25-year enhancement no longer applies when all of a defendant's § 924(c) convictions arise in the same proceeding," like in Wells's case, we have held that "the First Step Act does not apply [retroactively] to cases pending on appeal in which the district court sentenced

any discretion to depart from these mandatory minimum sentences. *See United States v. Dare*, 425 F.3d 634, 642 (9th Cir. 2005) (affirming defendant's mandatory sentence under 18 U.S.C. § 924(c) on the basis that "the statutory minimum sentences in § 924(c) bind the district court, not the sentencing guidelines and enhancements"). Moreover, we have held—albeit reluctantly—that similar sentences for similar convictions do not infringe the Eighth Amendment. *See, e.g.*, *United States v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998) (affirming sentence of 1,141 months for conviction of five counts of Hobbs Act robbery and five counts of § 924(c) as it was not grossly disproportionate to defendant's crimes in contravention of the Eighth Amendment).

While the district court was bound by the mandatory minimum sentences for Wells's § 924(c) convictions, the same cannot be said for Wells's Hobbs Act robbery convictions. "Nothing in [§ 924(c)] prevents a sentencing court from considering a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense." *Dean v. United States*, 137 S. Ct. 1170, 1178 (2017). Although the district court had the discretion to reduce Wells's non-mandatory sentences to compensate for the substantial sentences mandated by his § 924(c) convictions—and seemed inclined to do so—the district court believed that it lacked

---

the defendant before the enactment of the First Step Act." *United States v. Voris*, 964 F.3d 864, 873–75 (9th Cir. 2020) (affirming numerous 25-year consecutive sentences for "second or subsequent" § 924(c) convictions).

such discretion.[2] This misunderstanding constitutes procedural error. Given the district court's comments during Wells's sentencing and the Government's position not to oppose a limited remand, we vacate Wells's 70-month sentence for the seven Hobbs Act robbery convictions and remand the case for resentencing on those convictions alone. We affirm the district court in all other respects.

**AFFIRMED IN PART, VACATED IN PART,** and **REMANDED.**

---

[2] During Wells's sentencing, the district court expressed frustration that the lengthy sentences it was imposing were disproportionate but that the district court was statutorily bound to impose them. The district court also expressed that it "would welcome the chance to resentence Mr. Wells."