**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Orlando CABRERA–ARIAS,
Defendant–Appellant.**

No. 00–50654.
D.C. No. CR–00–00434–JM.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2002.*

Decided April 15, 2002.

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

MEMORANDUM **

Orlando Cabrera–Arias appeals the thirty-six month mandatory minimum sentence imposed following his guilty plea to bringing aliens into the United States for financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Cabrera–Arias contends that his three-year mandatory minimum sentence violates the Eighth Amendment because it exceeds the applicable sentencing guideline range, and because there is no safety valve provision. Because Cabrera–Arias raises this claim for the first time on appeal, we review only for plain error, *see United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999), and find none.

Cabrera–Arias offers no support for his assertion that there is a constitutional right to the establishment of a safety valve for a three-year mandatory minimum sentence. Congress' determination that a violation of 8 U.S.C. § 1324(a)(2)(B)(ii) warrants a three to ten year sentence does not violate the Eighth Amendment. *See United States v. Harris,* 154 F.3d 1082, 1084 (9th Cir.1998) (finding a 95–year mandatory minimum sentence for five counts of armed robbery did not violate the Eighth Amendment).

Accordingly, we see no unconstitutional disproportionality or Eighth Amendment violation in this sentence. *See id.* (concluding only punishments grossly disproportionate to the crime are forbidden by the Eighth Amendment).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.