Paul ATKIN, Petitioner—Appellant,

v.

Terry L. STEWART, et al., Respondents— Appellees.

No. 01–15262.

D.C. No. CV–99–00438–JMR.

United States Court of Appeals, Ninth Circuit.

Argued Nov. 7, 2002.

Submitted April 22, 2003.

Decided April 24, 2003.

Before B. FLETCHER, ARNOLD,*

---

* The Honorable Richard S. Arnold, Senior Circuit Judge for the Eighth Circuit, sitting by

**174**

and RAWLINSON, Circuit Judges.

Appellant Paul Davenport Atkin ("Atkin") appeals the district court's denial of his petition for a writ of habeas corpus based on the disproportionality of his sentence to his crime: twelve years' imprisonment plus lifetime probation for simple possession of fifteen items of child pornography. In light of the Supreme Court's recent decisions in *Ewing v. California,* — U.S. ——, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003), and *Lockyer v. Andrade,* — U.S. ——, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), we now affirm.

On December 1, 1995, Atkin, who had no prior criminal convictions, was indicted in Arizona Superior Court on fifteen counts of first-degree sexual exploitation of a minor under fifteen, in violation of Ariz.Rev. Stat. §§ 13–3553(A)(2) and 13–604.01. The indictment was based on Atkin's possession of fourteen pictures cut from magazines and one videotape depicting minors engaged in sexual conduct.

If convicted of all fifteen first-degree counts charged in the indictment, Atkin faced fifteen consecutive mandatory sentences totaling, at the very least, 150 years. Faced with the possibility of a mandatory life sentence without parole, Atkin chose to plead guilty to one count of first-degree sexual exploitation of a minor under fifteen, a Class 2 felony, and one (amended) count of second-degree sexual exploitation of a minor under fifteen, a Class 3 felony; the state dismissed the remaining counts. Under Arizona law, sexual exploitation of a minor under fifteen qualifies as a "dangerous crime against children" ("DCAC"), Ariz.Rev.Stat. § 13–604.01(L)(1)(g), which, in turn, carries a sentencing enhancement. On July 23, 1996, Atkin was sentenced to twelve years' imprisonment on the first-degree count and consecutive lifetime probation on the second-degree count.

In his federal[1] petition for habeas corpus, Atkin argues that the mandatory sentencing provisions of Ariz.Rev.Stat. § 13–3553(A)(2) plus the DCAC sentencing enhancement, as applied to simple possession of child pornography, violate the Eighth Amendment's prohibition against cruel and unusual punishment. The district court rejected Atkin's petition on the merits, concluding that, "[b]ecause the Arizona legislature represents the interests of the citizens of Arizona, this Court will not disrupt Arizona's determination that possession of child pornography is a dangerous crime against children requiring a severe sentence." *Atkin v. Stewart,* No. CV–99–438–TUC–JMR, slip op. at 9 (D.Ariz. Dec. 13, 2000).

We review the district court's denial of Atkin's petition de novo. *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001). Because Atkin's appeal is governed by AEDPA, 28 U.S.C. § 2254, in order to prevail, he must show that the last reasoned state court decision in his case was either contrary to federal constitutional law or an unreasonable application of clearly established federal law as established by the

designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Atkin raised the same issue in a habeas petition filed in the Arizona state courts. The trial court rejected Atkin's petition on the merits, observing that Atkin's term was "somewhat mitigated" and well within the plea range, and referred to the decision of the Arizona legislature "express[ing] the concern of the citizenry for this crime." The Arizona Court of Appeals affirmed, applying an abuse of discretion standard and noting that Atkin "has failed to make a threshold showing of gross disproportionality." The Arizona Supreme Court declined jurisdiction.

Supreme Court. 28 U.S.C. § 2254(d)(1); *Shackleford v. Hubbard,* 234 F.3d 1072, 1079 n. 2 (9th Cir.2000).

In *Andrade,* the Supreme Court observed that "one governing legal principle emerges as 'clearly established' under § 2254(d)(1): A gross disproportionality principle is applicable to sentences for terms of years." 123 S.Ct. at 1173. However, "the precise contours of [the principle] are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." *Id.* (citing *Harmelin v. Michigan,* 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring in part and concurring in the judgment)); *see also Ewing,* 123 S.Ct. at 1186 ("In short, *Rummel [v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) ] stands for the proposition that federal courts should be reluctant to review legislatively mandated terms of imprisonment, and that successful challenges to the proportionality of particular sentences should be exceedingly rare.") (citing *Hutto v. Davis,* 454 U.S. 370, 374, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (per curiam)) (internal quotation marks omitted).

We have held that challenges to the proportionality of sentences are to be assessed by applying objective criteria, including "(1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and may include (3) the sentences imposed for commission of the same crime in other jurisdictions." *Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir.1994) (quoting *Solem v. Helm,* 463 U.S. 277, 290–92, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)) (internal quotation marks omitted). Our approach is consistent with that of the Supreme Court in *Atkins v. Virginia,* 536 U.S. 304, 122 S.Ct. 2242, 2247, 153 L.Ed.2d 335 (2002) (holding that proportionality review occurs with reference to current standards and should be informed by objective factors "to the maximum possible extent"). However, "[c]omparative analyses of sentences for other crimes is only appropriate in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *United States v. Harris,* 154 F.3d 1082, 1084 (9th Cir.1998) (quoting *Harmelin,* 501 U.S. at 1005); *but cf. Atkins,* 122 S.Ct. at 2247 ("We have pinpointed that the clearest and most reliable objective evidence of contemporary values is the legislation enacted by the country's legislatures.") (citations and internal quotation marks omitted). Moreover, in reviewing sentences imposed under state law, deference to state legislatures is warranted "unless [the court is] confronted with a rare case of a grossly disproportionate sentence." *Cocio v. Bramlett,* 872 F.2d 889, 892 (9th Cir.1989) (citations omitted).

We conclude that the district court did not err in holding that the Arizona courts' denial of Atkin's petition was neither contrary to nor an unreasonable application of Supreme Court precedent.

AFFIRMED.