**UNITED STATES of America,**
Plaintiff–Appellee,

v.

**Richard CARRILLO–VALENZUELA,**
Defendant–Appellant.

No. 05–10504.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 2006.

Decided April 28, 2006.

768

Melody M. Walcott, Esq., FPDCA—
Federal Public Defender's Office, Fresno,
CA, for Defendant–Appellant.

Dawrence W. Rice, Jr., Esq., USF—
Office of the U.S. Attorney, Fresno, CA,
for Plaintiff–Appellee.

Before: NOONAN and BYBEE, Circuit
Judges, and SCHWARZER,* Senior
District Judge.

## MEMORANDUM **

Richard Carrillo–Valenzuela appeals his
conviction of eight robberies. Because the
parties are familiar with the facts, we do
not restate them.

### I.

█ Since substantial evidence estab-
lished Carrillo–Valenzuela's identity as the
robber, we need not consider the photo
array. Witnesses at trial identified him as
the person who committed the robberies.
One witness observed and spoke with Car-
rillo–Valenzuela during two separate rob-
beries approximately one month apart. A
witness to another robbery testified that
Carrillo–Valenzuela came into her store to
buy some items and shortly returned to
rob the store. Witnesses to Carrillo–Va-

lenzuela's other robberies also had ample
opportunity to observe him and identified
the distinctive handgun he used in the
robberies. Given the totality of the cir-
cumstances, the identification of Carrillo–
Valenzuela was sufficiently reliable. *Unit-
ed States v. Montgomery*, 150 F.3d 983,
993 (9th Cir.1998).

### II.

█ The district court did not abuse its
discretion in allowing testimony of Carril-
lo–Valenzuela's use of a false name. Evi-
dence of false names is generally admissi-
ble to show consciousness of guilt or intent
to evade law enforcement. *United States
v. Birges*, 723 F.2d 666, 672 (9th Cir.1984);
*United States v. Guerrero*, 756 F.2d 1342,
1347 (9th Cir.1984). Carrillo–Valenzuela
"does not indicate how this evidence preju-
diced him beyond that 'which all defen-
dants must suffer when probative evidence
is introduced against them.'" *Guerrero*,
756 F.2d at 1347.

### III.

█ Carrillo–Valenzuela's sentence,
imposed in conformity with 18 U.S.C.
§ 924(c)(1), which calls for consecutive
mandatory 25–year sentences, was not un-
constitutional under *United States v. Book-
er*, 543 U.S. 220, 125 S.Ct. 738, 160
L.Ed.2d 621 (2005), because *Booker* does
not apply to mandatory minimum sen-
tences. *United States v. Dare*, 425 F.3d
634, 641 (9th Cir.2005). Nor did the sen-
tence violate due process. *United States
v. Wilkins*, 911 F.2d 337, 339 (9th Cir.1990)
("Criminal defendants do not have a con-
stitutional right to individualized sen-
tences, and the legislature may set fixed
mandatory and determinate sentences for
particular offenses.").

---

* The Honorable William W Schwarzer, Senior
United States District Judge for the Northern
District of California, sitting by designation.

** This publication is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

## IV.

 Finally, Carrillo–Valenzuela's 2011–month sentence did not violate the Eighth Amendment's prohibition against cruel and unusual punishment. Because Carrillo–Valenzuela had committed numerous violent offenses and had a criminal record involving the use of weapons, the sentence was not grossly disproportionate to the severity of his crimes. *United States v. Harris*, 154 F.3d 1082, 1084 (9th Cir.1998) (1141– and 597–month sentences); *see also United States v. Parker*, 241 F.3d 1114, 1116–1118 (9th Cir.2001) (888–month sentence). Although Carrillo–Valenzuela's sentence is longer than those in *Harris* and *Parker*, all of these sentences "are essentially life sentences." *Harris*, 154 F.3d at 1085.

**AFFIRMED.**