FILED

APR 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 08-50248, 08-50269 |
| Plaintiff - Appellee, | D.C. Nos. |
| | 2:04-CR-01131-GAF-11 |
| v. | 2:04-CR-01131-GAF-7 |
| JOSEPH FERGUSON AND WILLIAM FERGUSON, | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted March 1, 2010
Pasadena, California

Before:    CANBY and W. FLETCHER, Circuit Judges, and TUNHEIM,[**]
District Judge.

William Ferguson and Joseph Ferguson appeal from their convictions and

sentences following a jury trial.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

Appellants contend that the district court erred by limiting the scope of cross-examination of government witnesses in violation of the Appellants' Sixth Amendment rights. Joseph Ferguson argues that the district court erred in calculating his Guidelines range and that his sentence is substantively unreasonable. William Ferguson contends that his sentence violates the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

First, the district court did not abuse its discretion in limiting the scope of cross-examination of three government witnesses about the facts and circumstances of an uncharged homicide, because there was extensive evidence produced at trial from which the jury could assess the government witnesses' credibility. *See United States v. Larson*, 495 F.3d 1094, 1101-03 (9th Cir. 2007) (en banc). Because we conclude that there was no Confrontation Clause violation, we need not address whether there was sufficient evidence apart from the government witnesses' testimony on which to affirm appellants' convictions. *See id.* at 1106-07; *see also Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986).

Second, the district court did not clearly err in denying Joseph Ferguson's request for a minor-role adjustment because the preponderance of the evidence established that he was not clearly less culpable than his co-conspirators. *See*

U.S.S.G. § 3B1.2; *cf. United States v. Rojas-Millan*, 234 F.3d 464, 472-74 (9th Cir. 2000). The district court did not clearly err in applying a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) because it was reasonably foreseeable to Joseph Ferguson that a firearm would be used in furtherance of jointly undertaken criminal activity. *See* U.S.S.G. § 1B1.3(a)(1)(B) & cmt. n.2; *United States v. Ortiz*, 362 F.3d 1274, 1277-78 (9th Cir. 2004). The district court did not abuse its discretion in imposing a 97-month sentence because the district court assessed the sentencing factors under 18 U.S.C. § 3553(a) and the sentence was not unreasonable in light of the totality of the circumstances. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Third, William Ferguson's Eighth Amendment challenge is without merit. *See, e.g.*, *United States v. Parker*, 241 F.3d 1114, 1117-18 (9th Cir. 2001); *United States v. Harris*, 154 F.3d 1082, 1083-84 (9th Cir. 1998). Moreover, at oral argument, counsel indicated that in light of Supreme Court and Ninth Circuit precedent, William Ferguson did not intend to pursue his Eighth Amendment claim.

**AFFIRMED.**