**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10251 |
| Plaintiff-Appellee, | D.C. No. CR 15-01149-PHX-NVW |
| v. | |
| JAIME VILLA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona,
Neil V. Wake, District Judge, Presiding

Submitted October 10, 2018**
San Francisco, California

Before: MURGUIA and FRIEDLAND, Circuit Judges, and HINKLE,***
District Judge

A jury convicted the defendant on six counts of armed bank robbery in

_____

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**This panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

***The Honorable Robert L. Hinkle, United States District Judge for the Northern District of Florida, sitting by designation.

violation of 18 U.S.C. § 2113(a) and (d) and six corresponding counts of brandishing a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c). The district court sentenced the defendant to six months in prison on the bank robberies and the mandatory consecutive terms of seven years on the first firearm count and 25 years on each additional firearm count. The defendant's total sentence is 132 years, 6 months.

The defendant raises four issues on appeal. We reject each.

First, the evidence was easily sufficient to allow a reasonable jury to conclude that the defendant committed each of the offenses. In addition to other evidence, at least one eyewitness identified the defendant as the person who committed each of the first five robberies. And the defendant was arrested in possession of the proceeds of the sixth robbery after a high-speed chase in which the defendant exchanged gunfire with law enforcement officers.

Second, evidence of the chase was not inadmissible under Federal Rule of Evidence 404(b). This is so for at least two reasons. The chase was inextricably intertwined with the robbery, so Rule 404(b) does not apply at all. And the chase was probative of identity, a permissible purpose explicitly recognized by the rule.

Third, binding precedent establishes that armed bank robbery in violation of § 2113(a) and (d) is a crime of violence under § 924(c). *See United States v. Watson*, 881 F.3d 782, 785 (9th Cir. 2018).

2

Fourth, binding precedent makes clear that the sentence did not violate the Eighth Amendment. *See, e.g.*, *United States v. Hungerford*, 465 F.3d 1113, 1118 (9th Cir. 2006) (upholding a 159-year sentence based primarily on § 924(c)); *United States v. Parker*, 241 F.3d 1114, 1117-18 (9th Cir. 2001) (upholding a 74-year sentence based primarily on § 924(c)); *United States v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998) (upholding a 95-year sentence based primarily on § 924(c)).

**AFFIRMED**.