NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 8 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10277 |
| Plaintiff-Appellee, | D.C. No. 2:03-cr-00371-MCE-EFB-6 |
| v. | |
| SHONDOR JANELL ARCENEAUX, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted December 2, 2020**

Before: WALLACE, CLIFTON, and BRESS, Circuit Judges.

Shondor Janell Arceneaux appeals from the district court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Contrary to Arceneaux's argument, the district court did not abuse its

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion by denying Arceneaux's motion.[1]  The court considered the nature and circumstances of the armed robberies for which Arceneaux was convicted and his lengthy criminal history, and reasonably concluded that a reduced sentence was not appropriate in light of the danger Arceneaux posed to the community.  *See* 18 U.S.C. § 3582(c)(1)(A) (reduction must be consistent with the Sentencing Commission's policy statements); U.S.S.G. § 1B1.13(2) (district court may grant compassionate release only if "[t]he defendant is not a danger to the safety of any other person or to the community").  The district court did not clearly err in finding Arceneaux's offense conduct and history indicated that he posed a continuing risk of danger to the community.  *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record.").

Arceneaux also contends that the district court erred by failing to hold a hearing regarding his medical conditions before denying his motion.  However, the evidence of Arceneaux's medical conditions was adequately presented in his written motions and additional evidence would not have refuted the district court's conclusion that Arceneaux remained a danger to the public.  Similarly,

---

[1] The denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is reviewed for abuse of discretion.  *See United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  We accept, for purposes of this appeal, the parties' assertion that the abuse of discretion standard also applies to denials under 18 U.S.C. § 3582(c)(1)(A).

Arceneaux's argument that his sentence was unfairly disparate was irrelevant to the issue of the danger he posed to the public. Thus, we are unpersuaded by Arceneaux's argument that the district court erred by failing to justify the alleged disparity.

Finally, Arceneaux argues that, in light of the ongoing consequences of his COVID-19 diagnosis and the alleged sentencing disparities with his co-defendants and those sentenced in state court and under the First Step Act for the same crimes, his sentence violates the Eighth Amendment. Even assuming Arceneaux can bring this challenge under § 3582(c)(1)(A), he has not shown that his sentence is "grossly disproportionate" to his crimes. *See United States v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998).

**AFFIRMED.**