**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30208 |
| Plaintiff-Appellee, | D.C. No. 1:07-cr-00135-SPW-3 |
| v. | |
| ASHLEY WHEELER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted February 17, 2021**

Before:      FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Ashley Wheeler appeals pro se from the district court's order denying her

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Wheeler contends that she is entitled to compassionate release because her

---

      *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

medical conditions put her at increased risk of severe complications or death if she contracts COVID-19, and because of her family circumstances. The district court did not abuse its discretion in denying Wheeler's motion for compassionate release or her motion for reconsideration.[1] The court considered Wheeler's medical record and her arguments in favor of release, and reasonably concluded that Wheeler had not demonstrated "extraordinary and compelling reasons" for release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Moreover, contrary to Wheeler's arguments, the court did not rely on any clearly erroneous facts. *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record.").

Assuming without deciding that Wheeler's Eighth Amendment claim may be brought under § 3582(c)(1)(A), we reject this claim because Wheeler has not shown that her sentence is "grossly disproportionate" to her offenses. *United States v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998).

**AFFIRMED.**

---

[1] The denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is reviewed for abuse of discretion. *See United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). We accept for purposes of this appeal the government's undisputed assertion that the abuse of discretion standard also applies to denials under 18 U.S.C. § 3582(c)(1)(A)(i).

20-30208