**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30165 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00011-DLC-1 |
| v. | |
| JOSEPH BRENT LOFTIS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted March 16, 2021[**]

Before:     GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Joseph Brent Loftis appeals pro se from the district court's orders denying

his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Loftis contends that he is entitled to compassionate release because his age

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

and medical conditions put him at increased risk of severe complications or death if he contracts COVID-19. The district court, however, considered these factors and concluded that they were insufficient to warrant Loftis's release in light of the danger he poses to the public. Because this conclusion is supported by the record and the statutory sentencing factors, *see* 18 U.S.C. §§ 3553(a), 3582(c)(1)(A), the district court did not abuse its discretion[1] by denying Loftis's motion. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (a district court abuses its discretion only if its decision is illogical, implausible, or without support in the record).

Assuming without deciding that Loftis's Eighth Amendment claim may be brought under § 3582(c)(1)(A), Loftis has not shown that his sentence is "grossly disproportionate" to his offenses. *See United States v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998). To the extent Loftis seeks injunctive relief in the form of a court order directing the Bureau of Prisons to screen him for home confinement, we decline to consider this request, which was raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

---

[1] The denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is reviewed for abuse of discretion. *See United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). We accept for purposes of this appeal the government's undisputed assertion that the abuse of discretion standard also applies to denials under 18 U.S.C. § 3582(c)(1)(A)(i).

20-30165