**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10214 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00301-SOM-1 |
| v. | |
| PABLO M. RIVERA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Submitted April 20, 2021[**]

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Pablo M. Rivera appeals from the district court's order denying his motion

for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rivera contends that he is entitled to compassionate release and that the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court concluded otherwise based on an improper weighing of the 18 U.S.C. § 3553(a) sentencing factors. The district court did not abuse its discretion.[1] The record[2] belies Rivera's contention that the district court treated as dispositive the length of time that Rivera has served in custody. While the court noted how much time remained on Rivera's sentence, it also considered the conditions at Rivera's prison, Rivera's medical conditions and other mitigating arguments, and the § 3553(a) sentencing factors. Having considered all of this information, it did not abuse its discretion in concluding that relief was unwarranted in light of the serious nature of the offense, and the need to deter and protect the public. *See* 18 U.S.C. § 3582(c)(1)(A) (district court may consider the § 3553(a) factors on a motion for compassionate release); *see also* 18 U.S.C. § 3553(a)(2)(A)-(C). Moreover, contrary to Rivera's argument, the court did not rely on any clearly erroneous facts. *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record.").

Because the record belies Rivera's argument that the district court relied on

---

[1] The denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is reviewed for abuse of discretion. *See United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). The parties agree that the abuse of discretion standard also applies to denials under § 3582(c)(1)(A)(i), which we accept for purposes of this appeal.

[2] We have confined our review to the record before the district court. *See Rudin v. Myles*, 781 F.3d 1043, 1057 n.18 (9th Cir. 2014). Even if we were to consider the new information presented by Rivera on appeal, it would not affect the outcome of this case.

U.S.S.G. § 1B1.13 to deny relief, we do not reach Rivera's arguments concerning that guideline.

To the extent Rivera argues that his continued incarceration violates the Eighth Amendment, and assuming without deciding that this claim may be brought under § 3582(c)(1)(A), Rivera has not shown that his sentence is "grossly disproportionate" to his offense. *See United States v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998).

**AFFIRMED.**

20-10214