**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JUAN MARQUIS HOLIDAY,
*Defendant-Appellant.*

No. 20-50157

D.C. No.
3:17-cr-01370-AJB-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted April 16, 2021[*]
Pasadena, California

Filed May 27, 2021

Before:  MILAN D. SMITH, JR., and SANDRA S.
IKUTA, Circuit Judges, and JOHN E. STEELE,[**]
District Judge.

Opinion by Judge Milan D. Smith, Jr.

---

   [*] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

   [**] The Honorable John E. Steele, United States District Judge for the Middle District of Florida, sitting by designation.

**SUMMARY**[***]

**Criminal Law**

The panel affirmed a defendant's convictions and sentence for seven instances of armed robbery and three instances of attempted armed robbery.

The panel held that the district court erred by denying the defendant's motion to suppress body camera footage taken during an unrelated police encounter at the defendant's home in connection with the report of child abuse in a vehicle registered to the defendant's home. In the footage, the defendant was wearing shoes that matched the description of the shoes the suspect was wearing at an ARCO gas station in one of the robberies. The Government conceded that an officer's opening the front door of the home constituted a search, but contended that the warrantless search was constitutional pursuant to the emergency exception to the warrant requirement. The panel held that the officers' conduct did not fall within the scope of the emergency exception to the warrant requirement because the officers had no reason to believe that the child victim was in the home at the address where the vehicle was registered. The panel concluded, however, that the error in admitting the body camera evidence was harmless because of the strength of the other evidence that the defendant committed the ARCO robbery.

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel affirmed the district court's denial of the defendant's motion *in limine* to exclude video evidence of his flight from police pursuant to Fed. R. Evid. 404(b). The panel explained that the car chase video was not subject to Rule 404(b)(1), which sets forth prohibited uses. The panel wrote that even if the evidence would have been excluded under Rule 404(b)(1) if the Government had used it to prove the defendant's character, (a) the video was admissible under Rule 404(b)(2) to prove the defendant's identity as the person who committed several robberies while wearing the same sweatshirt he wore in the video, and, in one robbery, using the same gun that was found near where he was sitting in the fleeing car; and (b) admission of the video was not an abuse of discretion because it was relevant and not more prejudicial than probative.

Affirming the district court's denial of the defendant's motion to sever the offenses, the panel explained that under its plain text, Fed. R. Crim. P. 8(a) lists the three criteria for when joinder of multiple offenses is permitted in the disjunctive.

The panel held that *United States v. Harris*, 154 F.3d 1082 (9th Cir. 1998), compels the conclusion that the defendant's 85-year prison sentence for his role in ten robberies does not violate the Eighth Amendment.

The panel wrote that it is not at liberty to overrule the three-judge panel's decision in *United States v. Dominguez*, 954 F.3d 1251 (9th Cir. 2020), which, as the defendant acknowledged, rejected the argument that attempted robbery under the Hobbs Act is not a "crime of violence" that triggers 18 U.S.C. § 924(c) and its accompanying penalties.

The panel held that there is no basis for a holding of cumulative error requiring a new trial.

## COUNSEL

Douglas C. Brown, San Diego, California, for Defendant-Appellant.

Robert S. Brewer, Jr., United States Attorney; Daniel E. Zipp, Chief, Appellate Section, Criminal Division; David Chu, Assistant United States Attorney; United States Attorney's Office, San Diego, California; for Plaintiff-Appellee.

## OPINION

M. SMITH, Circuit Judge:

Juan Marquis Holiday was tried and convicted for seven instances of armed robbery and three instances of attempted armed robbery. The district court sentenced him to a mandatory minimum term of eighty-five years' imprisonment. Holiday appealed his conviction and sentence. On appeal, Holiday raises three alleged trial errors: (1) denial of his motion to suppress body camera footage of him taken during an unrelated police encounter; (2) denial of his motion *in limine* to exclude video evidence of his flight from police; and (3) denial of his motion to sever the offenses. In addition, Holiday argues that cumulative errors affected the fairness of his trial. Holiday also contends that the mandatory minimum term imposed on him violates the Eighth Amendment's prohibition on cruel and unusual punishment. Finally, Holiday urges the court to

overturn a prior case that held that attempted Hobbs Act robbery is a "crime of violence." We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In early 2017, Holiday robbed seven businesses and attempted to rob three others. He was charged with seven counts of obstruction of commerce by robbery, in violation of 18 U.S.C. § 1951, three counts of attempted obstruction of commerce by robbery, in violation of 18 U.S.C. § 1951, and ten counts of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Each robbery or attempted robbery was caught on surveillance footage. The footage showed a suspect with a hooded sweatshirt cinched to hide his face. Each incident involved the use of a firearm. During five of them, the suspect fired the gun he was holding. During two of the robberies, the suspect pistol-whipped his victims.

On April 10, 2017, San Diego Police Officer Joshua Taisor witnessed a man in a dark blue sweater get into a parked car. That car then ran a stop sign and, when Taisor attempted to pull the car over, its driver led the police on a chase. The fleeing car eventually crashed, and four people bolted from the car and fled. One of those individuals was Holiday, who wore a blue hooded sweatshirt with black sleeves and the initials "SD" on the front, which the Government argued was identical to the sweatshirt the suspect was wearing in four of the robberies. A search of the vehicle also revealed a two-tone handgun that matched the description of the weapon used in one of the robberies.

In a search of Holiday's home, the FBI recovered long dark shorts and a blue bandana that the government argued matched what the suspect was wearing in three of the

robberies.  The FBI also found a black handgun with a silver ejection port that matched the gun used in five of the robberies.  The Government introduced additional direct and circumstantial evidence at trial to link Holiday to the robberies, including DNA evidence matching Holiday's profile from the scene of one robbery.  The Government also adduced body camera footage from an unrelated police encounter at Holiday's home.  In the footage, Holiday was wearing blue Nike Cortez shoes with white trim, which matched the description of the shoes the suspect was wearing during one of the robberies.

The body camera footage was taken on February 7, 2017, after police received a report that a man was hitting a child in the backseat of a blue Jaguar.  In a "contemporaneous line" of actions from the report of the incident, police ran the license plate and found it was registered to a person with the initials M.B., at 1703 Paseo Aurora Road.  When the officers arrived at that address, one of them knocked on the front door, tried the handle, and found it was unlocked.  The officer pushed the door open but remained standing on the threshold.  Holiday and his wife were on their way to the door when the officer opened it; they told the officers that their children were at school and that they did not own a blue Jaguar.  There is no indication that the officers saw a blue Jaguar at or near Holiday's residence.  The officers took Holiday's name and left.

Holiday moved to suppress the bodycam footage of this exchange on the ground that it was collected in violation of the Fourth Amendment.  The district court denied the suppression motion based on exigent circumstances. Holiday also moved to exclude video evidence showing the car chase after which he was apprehended on the grounds that it was inflammatory, more prejudicial than probative,

and reflected evidence of uncharged offenses. The district court denied the motion but gave a limiting instruction that the jury was prohibited from considering any potential uncharged crime when determining Holiday's guilt for the charged crimes.

Holiday also moved to sever five of the robberies on somewhat unclear grounds, appearing to argue that five of the robberies were committed by two individuals together, and the other five were committed by one person alone. The district court denied the motion. Next, Holiday argued that *conspiracy* to commit robbery is not a crime of violence under the Hobbs Act. The district court held that the robberies were crimes of violence as a matter of law, noting that Holiday was not charged with conspiracy.

The jury convicted Holiday for his role in all ten robberies. At sentencing, the district court denied Holiday's motion for a downward departure from the offenses' mandatory minimum sentences, holding that the eighty-five-year mandatory minimum did not violate the Eighth Amendment. Holiday appealed.

On appeal, Holiday contends that the district court incorrectly denied his motion to suppress the body camera footage, requests that we "change [ ] current Ninth Circuit law" to hold that attempted Hobbs Act robbery is not a crime of violence for purposes of 18 U.S.C. § 924(c) and also claims that it was improper under Federal Rule of Evidence 404(b) to admit the video evidence of the car chase after which police apprehended him. In addition, Holiday argues that the charges against him were improperly joined in a single indictment, that the district court should have granted his motion for a new trial based on cumulative errors, and that his mandatory minimum term of eighty-five years' imprisonment violates the Eighth Amendment.

## ANALYSIS

### A.

We first consider whether the district court properly denied Holiday's motion to suppress the body camera footage.

### 1.

The San Diego Police Department did not obtain a warrant to search Holiday's home in connection with the report of child abuse in a blue Jaguar registered to Holiday's address. "[S]earches and seizures inside a home without a warrant are presumptively unreasonable," and therefore violate the Fourth Amendment, unless subject to an established exception. *Kentucky v. King*, 563 U.S. 452, 459 (2011) (internal quotation marks omitted). The Government concedes that opening Holiday's front door constituted a search, but it contends that the search was constitutional pursuant to the emergency exception to the warrant requirement.

Pursuant to the emergency exception, police need not obtain a search warrant to enter a dwelling if "(1) considering the totality of the circumstances, law enforcement had an objectively reasonable basis for concluding that there was an immediate need to protect others or themselves from serious harm; and (2) the search's scope and manner were reasonable to meet the need." *United States v. Snipe*, 515 F.3d 947, 952 (9th Cir. 2008). Domestic violence cases do not "create a *per se* exigent need for warrantless entry." *United States v. Brooks*, 367 F.3d 1128, 1136 (9th Cir. 2004). Instead, we have found the emergency exception to the warrant requirement satisfied where police have an objectively reasonable belief that the

victim is inside the home and in danger. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1039 (9th Cir. 2007) (affirming application of the exigent circumstances doctrine when the defendant "could have returned to the apartment after [the victim's] 911 call, but before police arrived at the scene," which would have allowed the defendant to "pull [the victim] back into the apartment"); *United States v. Brooks*, 367 F.3d 1128, 1135 (9th Cir. 2004).

In this case, the Government has not satisfied the second prong of the *Snipe* test. The officers had no reason to believe that the child victim was in the home at the address where the Jaguar was registered. In fact, they had reason to believe the child was *not* in the home, since the tip they received was that the child was *in a blue Jaguar*. The Government appears to adopt the district court's finding that "there 'was no indication that the [incident] in the Jaguar had ended'" when officers arrived at the residence. If the incident in the Jaguar had not ended, it was clearly unreasonable for the officers to have believed that the victim of the reported crime was inside Holiday's residence. In order to show that "the search's scope and manner were reasonable to meet the need," as the *Snipe* test requires, 515 F.3d at 952, the Government must provide a logical and sound link between the information police have and the search they conduct. The Government has failed to do so here.

The Government cites several cases for the proposition that "the need to ensure a child's welfare is an emergency that justifies a limited, warrantless search." But in each case cited, the police had information that either suggested or confirmed that the child in need of assistance was *inside* the dwelling that was the subject of the warrantless search (or the child was with police and needed to be reunited with parents inside the dwelling). *See, e.g.*, *United States v.*

*Bradley*, 321 F.3d 1212, 1214–15 (9th Cir. 2003) (warrantless entry was constitutional where nine-year-old's mother told police that the child was home with no parent or guardian in the middle of the night); *United States v. Brooks*, 367 F.3d 1128, 1136 (9th Cir. 2004) (warrantless entry into a hotel room was permissible where a 911 call reported abuse taking place inside the room); *United States v. Taylor*, 624 F.3d 626, 632 (4th Cir. 2010) (warrantless entry was constitutional to reunite a lost four-year-old with the child's parents).

The opposite is true here: rather than information that the child was inside the residence at 1703 Paseo Aurora, the police had information suggesting or confirming that the child in need of assistance was in a blue Jaguar. But instead of locating the blue Jaguar, the police went to the location where they knew or should have known the child was not present. The officers' conduct does not fall within the scope of the emergency exception to the warrant requirement.[1]

**2.**

According to the Federal Rules of Criminal Procedure, "[a]ny error . . . that does not affect substantial rights must be disregarded" on appeal. Fed. R. Crim. P. 52(a). Thus, when evidence in a case like this one is introduced that should not have been, the court conducts a harmless error analysis. *United States v. Brobst*, 558 F.3d 982, 997 (9th Cir. 2009). "[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt," in that it "did

---

[1] Nor was the warrantless search of Holiday's home justified under the community caretaking exception. *See Caniglia v. Strom*, 593 U.S. _____ (2021).

not contribute to the verdict obtained." *Chapman v. California*, 386 U.S. 18, 24 (1967). The Government bears the burden of proving that an error was harmless. *Lustig*, 830 F.3d at 1086.

The Government used the body camera footage obtained from the illegal search to show that Holiday owned blue Nike Cortez sneakers with white trim—the shoes that the suspect was wearing in the January 5 robbery of the ARCO gas station. The footage was not used for any other purpose. Thus, at most, the footage could only have affected the verdict on the two counts associated with the ARCO robbery. However, there was other probative evidence linking Holiday to that particular robbery. Specifically, Holiday's DNA was found on a black plastic bag outside the ARCO gas station soon after the surveillance footage showed the clerk handing the robber an identical black plastic bag. Holiday argues that the Government's theory at trial rested on a common pattern among all the robberies. This is true, but it is irrelevant where the improperly admitted body camera footage merely bolstered already conclusive evidence that Holiday committed a particular count charged in the indictment. *See United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996). Because of the strength of the other evidence that Holiday committed the ARCO robbery, we hold that the error in admitting the body camera evidence was harmless.

## B.

Holiday contends that the district court should have granted his motion *in limine* to exclude the video evidence of Holiday's flight from police on April 10, 2017 pursuant to Federal Rule of Evidence 404(b). Rule 404(b) states:

> **(1) Prohibited Uses.** Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

> **(2) Permitted Uses.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

First, Holiday provides no support for his argument that the car chase was within the scope of Rule 404(b). The Government did not use the video to argue that Holiday was the type of person who flees from police, or that he fled from police in the charged crimes. Instead, the Government used the video of the car chase "to explain how the Government obtained the two[-]tone handgun . . . (and to corroborate testimony that Holiday was sitting where the gun was found), and to show that Holiday was wearing the same blue hooded sweatshirt with black sleeves that was worn at the last four robberies." The car chase video therefore was not subject to Rule 404(b)(1).

Even if the video would have been excluded under Rule 404(b)(1) if the Government had used it to prove Holiday's character, it was admissible under Rule 404(b)(2) for another purpose. Under our case law, "[w]hen the [G]overnment offers evidence of prior crimes or bad acts as part of its case in chief, 'it has the burden of first establishing relevance of the evidence to prove a fact within one of the exceptions to the general exclusory rule of Rule 404(b)[.]'" *United States v. Sims*, 617 F.2d 1371, 1378 (9th Cir. 1980) (quoting *United States v. Hernandez-Miranda*, 601 F.2d 1104, 1108

(9th Cir. 1979)). Second, the Government must show "that the proper relevant evidence is more probative than it is prejudicial to the defendant." *Id.* (quoting *Hernandez-Miranda*, 601 F.2d at 1108). The required probative versus prejudicial balancing is reviewed for abuse of discretion. *Id.*

The Government used the video to prove Holiday's identity as the person who committed several robberies while wearing the same sweatshirt he wore in the video, and, in one robbery, using the same gun that was found near where he was sitting in the fleeing car. This is permissible under Rule 404(b)(2). With respect to the probative versus prejudicial balancing test, the district court did not abuse its discretion. Although the video showed "a vehicle police chase, SWAT officers in full gear, dogs, air surveillance[,] and sirens," none of these features is particularly prejudicial, as all are ordinary markers of a police chase. Officer Taisor testified that the car in which Holiday was riding fled from him when he attempted to conduct a traffic stop, and Holiday did not object to this testimony. Therefore, even assuming *arguendo* that the video was within the scope of Rule 404(b)(1) if used to prove Holiday's character, its admission was not an abuse of discretion because it was relevant and not more prejudicial than probative.

## C.

Federal Rule of Criminal Procedure 8(a) permits joinder of multiple offenses in a single indictment when the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Holiday admits that "[t]he counts are of the same or similar character," but seems to argue that joinder is only proper where the counts satisfy all three criteria in Rule 8(a).

Holiday's argument is belied by the plain text of the rule, which uses the disjunctive "or" to signal that joinder is proper where just one criterion is satisfied. The district court did not err by denying Holiday's severance motion.

## D.

The Eighth Amendment prohibits cruel and unusual punishments. "[T]he 'Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are "grossly disproportionate" to the crime.'" *United States v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in the judgment)). The threshold question is whether a "comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Id.* (quoting *Harmelin*, 501 U.S. at 1005 (Kennedy, J., concurring in part and concurring in the judgment)).

In *Harris*, the defendant was convicted of five counts of interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a), and five counts of use of a firearm in a crime of violence in violation of 18 U.S.C. § 924(c). *Id.* at 1083. The district court sentenced Harris to a term of ninety-five years' imprisonment, pursuant to the mandatory minimums set forth in 18 U.S.C. § 924(c). *Id.* We held that sentence did not violate the Eighth Amendment for three reasons: (1) "[a]rmed robberies are extremely dangerous crimes"; (2) "[t]he robberies at issue in [that] case were undeniably violent"; and (3) Congress mandated Harris's sentence in an otherwise valid statute, and "[a] sentence which is within the limits set by a valid statute may not be overturned on appeal as cruel and unusual." *Id.* at 1084 (quoting *United States v. Klein*, 860 F.2d 1489, 1495

(9th Cir. 1988), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000)).

In *Harris*, the defendant was convicted for his role in five robberies and sentenced to ninety-five years' imprisonment; here, Holiday was convicted for his role in ten robberies and sentenced to eighty-five years' imprisonment. Otherwise, the cases do not differ meaningfully. *Harris* therefore compels the conclusion that Holiday's sentence does not violate the Eighth Amendment. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003).

### E.

Holiday argues that attempted robbery under the Hobbs Act is not a "crime of violence" that triggers 18 U.S.C. § 924(c) and its accompanying penalties. However, citing *United States v. Dominguez*, 954 F.3d 1251 (9th Cir. 2020), Holiday acknowledges that a ruling in his favor would be contrary to our court's precedent. Because we are not at liberty to overrule the opinion of a prior three-judge panel absent intervening and clearly irreconcilable Supreme Court authority, we affirm the district court on this ground. *See Miller*, 335 F.3d at 893.

### F.

Finally, Holiday argues that the district court should have granted his motion for a new trial based on cumulative error. "[E]ven if no single error were prejudicial, where there are several substantial errors, 'their cumulative effect may nevertheless be so prejudicial as to require reversal.'" *Killian v. Poole*, 282 F.3d 1204, 1211 (9th Cir. 2002) (quoting *United States v. de Cruz*, 82 F.3d 856, 868 (9th Cir. 1996)). However, "[o]ne error is not cumulative error." *United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000).

Because we find only that admission of the body camera footage was erroneous, there is no basis for a holding of cumulative error requiring a new trial.

## CONCLUSION

The police violated the Fourth Amendment when they opened the door to Holiday's residence without a warrant on February 7, 2017, and the fruit of that search should not have been introduced at trial. However, given the strength of the other evidence that Holiday committed the ARCO robbery, the district court's error in admitting the body camera evidence was harmless. We reject the remainder of Holiday's challenges to his conviction and sentence as meritless.

**AFFIRMED.**